IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GREGORY D. ROGERS, | ) | CIVIL ACTION 4:04-2356-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

### I. PROCEDURAL HISTORY

The plaintiff, Gregory D. Rogers, filed an application for Disability Insurance Benefits (DIB) on July 18, 1997 (Tr. 56-58) due to back problems and depression (Tr. 80). In a determination dated December 2, 1997, plaintiff was awarded a period of DIB (Tr. 27-28). Following a continuing disability review, plaintiff's disability was determined to have ceased May 23, 2001 (Tr. 37-38). Pursuant to plaintiff's request, a hearing de novo before an Administrative Law Judge (ALJ), William F. Pope, was held on June 14, 2002, at which plaintiff appeared *pro se*, as well as a Vocational Expert (Tr. 380-398). On March 25, 2003, the ALJ issued an unfavorable decision

denying plaintiff's claim. (Tr. 13-23). The Appeals Council denied plaintiff's request for review of the hearing decision on April 20, 2004 (Tr. 5-7). Therefore, the decision of the ALJ became the final decision of the Commissioner. Plaintiff, acting *pro se*, sought judicial review of the Commissioner's decision in a Complaint filed on July 19, 2004, pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g).

## II.  FACTUAL BACKGROUND

The plaintiff was born December 25, 1966, and was 34 years of age as of May 23, 2001, when his disability was determined to have ceased (Tr. 56). He has a twelfth-grade education and two years of college. Plaintiff has past work experience as a textile laborer and a manufacturing laborer (Tr. 83, 86, 102).

## III.  DISABILITY ANALYSIS

The plaintiff's arguments consist of the following:

> (1) The ALJ erred in determining that Mr. Rogers is not disabled which is in direct contradiction with the medical opinion of the treating physician.
>
> (2) The ALJ erred in determining that Mr. Rogers could return to light work when there is medical evidence that he suffered from impairments that would preclude hi[s] return to any type of work.

(Plaintiff's brief, document #12).

In the decision of March 25, 2003, the ALJ found the following:

> 1. A December 1997 decision determined that the claimant

     was disabled within the meaning of the Social Security Act beginning May 1, 1997, due to an affective disorder, and he has not engaged in substantial gainful activity since that date.

2. The evidence establishes medical improvement, in the claimant's prior disability due to an affective disorder, that is related to his ability to work; he has not been disabled from such impairment since at least May 2001.

3. The medical evidence confirms that the claimant has depression and lumbar disc disease, impairments that are "severe" within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.

4. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR 404.1527).

5. The claimant's allegations regarding his limitations are not fully credible for the reasons set forth in the body of this decision.

6. Since at least May 2001, the claimant has retained the residual functional capacity to perform work with restrictions that require: no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no pushing or pulling over 20 pounds; simple routine work; a supervised, low-stress environment; and no interaction with the public.

7. The claimant is not able to perform his past relevant work (20 CFR § 404.1565).

8. The claimant is a younger individual (20 CFR § 404.1563).

9. The claimant has more than a high school education (20 CFR § 404.1564).

10. The claimant's acquired skills from past relevant work are not transferable to other work (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 201.21 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples include the unskilled, light exertional level jobs of hand packer, grader/sorter, and quality control inspector, with over 280,000 such jobs in the national economy.

13. The claimant has not been under a "disability" as defined in the Social Security Act, at any time since May 2001 (20 CFR § 404.1594(g)), with eligibility for benefits terminating on the close of the last day of July 2001.

(Tr. 22-23).

## IV.  MEDICAL RECORDS

The undersigned has reviewed the medical records and finds many of the reports relevant to the issues in this case. The medical records as set out by the defendant have not been disputed by the plaintiff and plaintiff did not set out a summary of the medical records in his memorandum. Therefore, the undisputed and relevant medical evidence as stated by the defendant is set forth herein.

As of December 2, 1997, the date of the most recent favorable medical decision that plaintiff was disabled due to affective and back disorders, plaintiff was found to possess the physical residual functional capacity (RFC) to perform sedentary work (Tr. 28, 276-280). Plaintiff was also found to have the mental RFC to perform work allowing the following: moderate limitations in his abilities to understand, remember, and carry out detailed instructions, maintain concentration and attention for extended periods, perform activities within a schedule, maintain regular attendance, and be

punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and set realistic goals or make plans independently of others (Tr. 272-275).

Evidence relevant to plaintiff's condition since December 2, 1997, indicated that records between December 29, 1997, and August 24, 1999, revealed mental health treatment with medication (Tr. 303, 306-308). During this period, plaintiff reported that Risperdal was effective (Tr. 306), and that he was "'pretty [g]ood . . .[]'" (Tr. 307).

Records of Abraham Areephanthu, M.D., and an associate, between August 12, 1998, and April 16, 2001, revealed treatment with medication for depression, a self-reported history of a seizure disorder, and complaints of back pain, and evaluation of a complaint of dizziness. During this period, plaintiff reported that he drove an automobile (Tr. 340-348). Examinations revealed that plaintiff was alert (Tr. 343), and oriented in three spheres (Tr. 340, 343), and that he demonstrated normal cranial nerve functioning (Tr. 343), normal sensation(Tr. 342), and normal left lower extremity ranges of motion (Tr. 347). A lumbar spine x-ray and a left lower extremity x-ray (Tr. 352-353), were normal.

On January 18, 2001, plaintiff was in to see Dr. Areephanthu complaining of severe back pain. He was given Motrin and Skelaxin and Lorcet (Tr. 342).

On March 26, 2001, plaintiff was seen by Dr. Areephanthu with multiple complaints. Dr.

Areephanthu concluded plaintiff's depression was stable (Tr. 340-341), and that his seizure disorder was controlled (Tr. 341).

Plaintiff was examined by Al B. Harley, Jr., M.D., Ph.D., a consultative psychiatrist, on May 19, 1999. Plaintiff reported that he resided with his significant other, and that he cooked occasionally, possessed a driver's license and drove an automobile, visited others, attended church services, and worked four hours daily at property maintenance at his residence, for which he was compensated. He also reported he saw his mental health care provider every six months. Examination revealed that plaintiff was oriented to time, date, and place, and that he demonstrated estimated average intellectual functioning, fair general knowledge, fair judgement, fair common sense, fair thought organization, and the absence of evidence of dysphoria or anhedonia. Dr. Harley concluded plaintiff had a mild limitation in his ability to relate to others, a moderate limitation in his activities of daily living, and a moderate limitation in his thought processes (Tr. 284-286).

On June 22, 1999, Kevin W. King, a State agency psychological consultant, determined plaintiff had no significant limitations in his abilities to remember locations and work-like procedures, understand, and remember short and simple or detailed instructions, carry out short and simple instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, make simple work-related decisions, ask simple questions or request assistance, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, travel in unfamiliar

places or use public transportation, and set realistic goals or make plans independently of others; and that he had moderate limitations in his abilities to carry out detailed instructions, maintain concentration and attention for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, and accept instructions and respond appropriately to criticism from supervisors (Tr. 289-292).

In a statement dated August 24, 1999, plaintiff reported he took Depakote, Levoxyl, Wellbutrin, Risperdal, and Clonazepam. He also reported he cared for his own personal needs, drove an automobile, and attended church services, and that he had, for a year during the period at issue in this case, earned income by managing real estate, including arranging for maintenance and work requests, collecting rent payments, and depositing monies (Tr. 148-152).

Plaintiff was examined by N. L. Morris, M.D., a consultative physician, on January 4, 2001. Examination revealed that plaintiff was alert, oriented to time, place, and person, and coherent, and that he demonstrated the absence of hallucinations; sensible speech; a normal musculoskeletal system; full extremity ranges of motion; the ability to mount and dismount the examination table without difficulty; and a normal neurological system, including a normal gait, the absence of tremor or left upper extremity muscle spasm, normal deep tendon reflexes, and normal motor functioning. A lumbar spine x-ray was normal (Tr. 316-317). Dr. Morris concluded that plaintiff had no physical limitations, and that he observed no significant mental limitations (Tr. 317).

Plaintiff was examined on January 17, 2001, with a complaint of back pain. Plaintiff was treated with medication (Tr. 358-366).

On February 9, 2001, Edward D. Waller, Ph.D., a State agency psychological consultant,

concurred with Dr. King's mental RFC assessment (Tr. 320-323).

Plaintiff was hospitalized briefly between May 19 and 20, 2001, with a reported overdose of a number of medications. Examination revealed that plaintiff was alert, and oriented in three spheres, and that he demonstrated normal speech, the absence of hallucinations or delusions, normal cranial nerve functioning, and good extremity ranges of motion. Blood polypharmacy levels were normal, and plaintiff experienced no medical adverse effects (Tr. 375-379).

In a statement which is undated, plaintiff reported he took Depatian (possibly Depakote), Clonazepam, Wellbutrin, Levoxyl, and Risperdal (Tr. 158-161).

J Adger Brown, Jr., a VE, testified that, considering an individual of plaintiff's age, education, past relevant work experience, and RFC for light work reduced by limitations from more than simple routine work with entailing one or two-step instructions, work not affording a supervised, low-stress environment, and work requiring interaction with the public, jobs existed in the regional and national economies which such an individual could perform (Tr. 395). He cited hand packer/packager, grader/sorter, and quality control inspector as examples, and provided the incidence of these jobs in the regional and national economies (Tr. 396).

As previously stated, the ALJ found in his decision dated March 25, 2003, that as of May 2001, plaintiff had "severe" depression and lumbar disc disease, but that he did not have an impairment or a combination of impairments listed in or medically equal to one listed in 20 C.F.R. pt. 404, Subpt. P, App. 1 (Tr. 22). He also found that plaintiff's subjective complaints as of May 2001, were not fully credible (Tr. 22). He further found that as of May 9, 2001, plaintiff retained the RFC to perform light work reduced by limitations from more than simple, routine tasks; work not affording a supervised, low-stress environment; and work requiring interaction with public (Tr. 23).

The ALJ determined that, as of May 2001, although plaintiff could not perform his past relevant work, in light of VE testimony and other evidence of record, there were a significant number of jobs in the national economy plaintiff could perform, given his particular limitations (Tr. 23). Therefore, the ALJ found that, as of May 2001, plaintiff demonstrated medical improvement in his condition related to his ability to work, and that his disability had ceased at that time (Tr. 22-23).

## V. ARGUMENTS

Plaintiff, acting *pro se*, filed a request for review of the ALJ's decision with the Appeals Council citing on the form that "I disagree with the decision. I just had more back surgery on 3/11/03 and am not able to return to work." (Tr. 8). In their decision, the Appeals Council simply stated that ". . . we considered the reasons you disagree with the decision. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 5). There is no evidence that these medical records were obtained or reviewed by the Appeals Council. In his brief, plaintiff states the following:

> In his decision, the ALJ determined Mr. Rogers retains the capacity to perform light work with certain restrictions . . . Furthermore, Mr. Rogers has had two back surgeries after the hearing date of June 14, 2002, due to the progression of his degenerative disc disease. This medical evidence was not reviewed, or considered and the ALJ erred in his final decision.

(Plaintiff's brief).

Plaintiff requests reversal of the Commissioner's decision or, in the alternative, a remand so that the proper legal standards may be applied.

A reviewing court may remand a case to the Commissioner on the basis of new evidence if

9

four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. *See* Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985); *see also* 42 U.S.C. § 405(g) (2000). Further, a pro se litigant is entitled to a liberal construction of his pleadings. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In this case, the *pro se* claimant completed the form requesting a review of the hearing decision order stated that he had just had more back surgery on March 11, 2003, (the ALJ's decision was issued on March 25, 2003) and was not able to return to work. In his brief with this court, plaintiff states that he has had two back surgeries due to the progression of his degenerative disc disease. Plaintiff argues that this evidence was not considered by the Appeals Council. The undersigned does not see from a review of the record any medical records pertaining to plaintiff's back surgery. However, the Appeals Council stated in its decision that they considered "the reasons you disagree with the decision" but does not clarify what reasons they are considering or what evidence they reviewed. (Tr. 5). From the list of exhibits in the record, it appears that the Appeals' Council did not request these medical records or instruct plaintiff to submit the records.[1]

In the case of Fleming v. Barnhart, 284 F. Supp. 2nd 256, (D. Md. 2003), the Court held that "other

---

[1] The undersigned realizes that the form instructs plaintiff to submit additional evidence with the request for review. However, plaintiff is acting pro se.

10

circuits have held that, in cases involving pro se claimants, reviewing courts also have a heightened duty to make a searching investigation of the record to ensure that the claimant's rights have been adequately protected.  Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir.1980);  Gold v. Sec'y of Health, Educ. & Welfare, 463 F.2d 38, 43 (2d Cir.1972)."

Based on the fact that the ALJ found plaintiff has lumbar disc disease that is considered severe and the fact that plaintiff informed the Appeals Council that he had back surgery and alleges in his brief that he has since had two back surgeries due to the progression of his degenerative disc disease, the undersigned concludes that this evidence would not be duplicative or cumulative and may be  material in that he may have changed the outcome of the ALJ's decision with regards to plaintiff's lumbar disc disease and credibility as to his limitations and pain. At the hearing, plaintiff testified that he had back pain due to degenerative disc disease and the ALJ found that he had a severe impairment of lumbar disc disease. Thus, the undersigned concludes that this case should be remanded for further development of the record and for the Commissioner to articulate and state reasons for her assessment of the additional evidence. Accordingly, it is therefore,

RECOMMENDED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

    Respectfully submitted,

    s/ Thomas E. Rogers, III
    Thomas E. Rogers, III
    United States Magistrate Judge

August 11, 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 USC § 636 and Fed. R. Civ P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n.3, 1992 U.S. Dist. LEXIS ® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S. Dist. LEXIS ® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S. App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating that 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S. App. LEXIS® 15,084 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S. App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina    29503**