IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory D. Rogers, | ) | |
| | ) | C/A No.: 4:04-2356-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Gregory D. Rogers filed an application for disability insurance benefits on July 18, 1997, alleging he was disabled because of back problems and depression. He was awarded a period of disability insurance benefits. Plaintiff was interviewed concerning continuing disability on March 5, 1999. Eventually it was determined that Plaintiff no longer was disabled. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on June 14, 2002. On March 25, 2003, the ALJ issued a decision that Plaintiff has not been entitled to a period of disability and disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act at any time since May 2001. The decision of the ALJ became the "final decision" of the Commissioner on April 20, 2004, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On August 11, 2005, the Magistrate Judge filed a Report and Recommendation in which he found that Plaintiff had informed the Appeals Counsel that he had back surgery to treat degenerative disc disease, but that the record contained no evidence that the Appeals Council had requested additional

medical records from Plaintiff to aid in its review of the ALJ's decision. The Magistrate Judge recommended that the case be remanded for further development of the record. No party filed an objection to the Report and Recommendation.

The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the within action be **reversed** and the case be **remanded** to the Commissioner pursuant to sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for further proceedings consistent with this order and the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 14, 2005.